UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUBEN CONTRERAS-RAMIREZ,<br><br>Defendant. | Crim. Case No.: 3:17-cr-01026-BTM<br>Civ. Case No.:  3:19-cv-01701-BTM<br><br>**ORDER DENYING DEFENDANT CONTRERAS-RAMIREZ'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND ISSUING A CERTIFICATE OF APPEALABILITY**<br><br>**[ECF No. 324]** |

Before the Court is Defendant Ruben Contreras-Ramirez's Motion to Vacate, Set Aside, or Correct Sentence under 28. U.S.C. § 2255. (ECF No. 324.) Therein, Defendant, proceeding *pro se*, argues that his guilty plea to a violation of 18 U.S.C. § 922(g)(1) was involuntary because he did not know that his knowledge of his status as a prohibited person, namely a convicted felon, at the time he possessed the relevant firearm was a required element of the offense.  (*Id.*)  In support, he attests that his appointed "counsel never . . . informed [him that] knowledge of being a prohibited person was an essential element under [§] 922(g)." (*Id.* at 8.) He contends that there is "no evidence in the record to satisfy the [knowledge of]

prohibited person element" and that he is "actually innocent" of the crime for which he was convicted. (*Id.*)  Finally, he asserts that had he been informed that his knowledge of his prior felony conviction was required, he "would've proceeded to trial." (*Id.*)  Based thereon, he argues he "was denied effective assistance of counsel and due process" in violation of the Fifth and Sixth Amendments and that his conviction should be vacated. (*Id.* at 9-13.)  The Government opposes Defendant's motion. (ECF No. 329.)

As an initial matter, even assuming Defendant's due process arguments are not procedurally-defaulted or otherwise barred by his failure to raise them on direct appeal,[1] (*see* ECF No. 324, at 1), he expressly waived all arguments as to his conviction other than ineffective assistance of counsel, (ECF No. 114, at 9). As to his claims of ineffective assistance, Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

---

[1] *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ( "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default."); *but see Massaro v. United States*, 538 U.S. 500, 503 (2003) ("[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal." (internal citations omitted)). Notably, while Defendant conclusorily attests that he is "actually innocent," he does not explicitly attest that he was unaware at the time he possessed the relevant firearm that he was previously convicted of a crime punishable by imprisonment for a term exceeding one year or otherwise explain why he is innocent of the crime of conviction. (*See* ECF No. 324, at 7-9; *see also id.* at 13 ("[i]n light of *Rehaif*, . . . [Defendant] cannot as a legal matter have committed the alleged crime.").) Rather, he simply argues that "the government had no evidence that would satisfy the status element" and "therefore[] it[']s more likely than not [he] would've been a[c]quitted." (*Id.* at 12.)

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 924(a)(2) requires that violations of Section 922(g) satisfy a *mens rea* element, namely knowledge. Prior to June 2019, the Ninth Circuit and most other Circuits were of the opinion that this *mens rea* element applied only to the defendant's possession of a firearm or ammunition, not to his prohibited status. *See, e.g.*, *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997) (We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not to the interstate nexus or to felon status."), *overruled in part by Rehaif v. United States,* ___ U.S ___, 139 S. Ct. 2191 (June 21, 2019); *see also Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting) (collecting cases). In *Rehaif*, however, the Supreme Court held that this *mens rea* element "applies both to the defendant's conduct and to the defendant's status" and that "the Government must therefore show that the defendant knew he possessed a firearm and also that he knew he had the relevant status [(*e.g.*, that he was a felon)] when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

    Here, because Defendant pled guilty to the relevant charge in 2017 and judgment was entered against him in December 2017, (*see* ECF No. 113 (consent to plea before Magistrate Judge); ECF No. 114 (written plea agreement); ECF No. 115 (Magistrate Judge's findings and recommendations); ECF No. 147 (order accepting guilty plea); ECF No. 196 (judgment); ECF No. 326 (Rule 11 hearing transcript); ECF No. 328 (sentencing hearing transcript)), the Court did not have the benefit of the Supreme Court's decision in *Rehaif* and thus did not advise the Defendant that the Government had to prove beyond a reasonable doubt that he knew he had been convicted of at least one of his four felonies at the time he possessed the relevant firearm. Nor did Defendant expressly admit in his written plea agreement or during the Rule 11 hearing that he knew he was a convicted felon at the time he possessed the firearm. (*See* ECF Nos. 114 & 326.) Yet,

because then-binding Ninth Circuit precedent (and persuasive precedent from other Circuits) did not require proof of such knowledge at the time of Defendant's plea or the entry of judgment, the Court cannot say that Defendant's counsel was ineffective in failing to advise Defendant or argue to the Court otherwise. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (defense counsel "cannot be required to anticipate [a] decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct'" and "[a] lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law." (quoting *Strickland*, 466 U.S. at 690)).

      Moreover, because there was overwhelming evidence that Defendant knew he was a felon when he possessed the firearm at issue in this case, Defendant also has not shown a probability that, but for his counsel and/or the Court's error, the outcome of these proceedings would have been different. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") *Lowry*, 21 F.3d at 346 ("The other element of ineffective assistance of counsel is prejudice."). While Defendant baldly attests that, had he known that knowledge of prohibited status was a required element of his crime of conviction, he would have proceeded to trial, he nonetheless fails to demonstrate that the Government's obligation to establish that element "would have led [Defendant's] counsel to change his recommendation as to the plea" or that a defense focused on Defendant's purported lack of knowledge of his felon status "likely would have succeeded at trial." *Hill,* 474 U.S. at 59-60 ("[T]hese predictions of the outcome at

a possible trial, where necessary, should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker." (internal quotations and citations omitted)); *see, e.g., United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (evidence of prior felony convictions "proved beyond a reasonable doubt that [the d]efendant had the knowledge required by *Rehaif* and that any error in not instructing the jury to make such a finding did not affect [the d]efendant's substantial rights or the fairness, integrity, or public reputation of the trial."). In connection with his guilty plea, Defendant stipulated that, on or about February 27, 2006, he was convicted of a felony offense of importation of marijuana in violation of 21 U.S.C. §§ 952 & 960, for which he was sentenced to eighteen months imprisonment and three years of supervised release. (ECF No. 114, at 3; ECF No. 150, at 12; ECF No. 326, at 9; *see also United States v. Ruben Contreras Ramirez*, Case No. 3:06-cr-00197-H-1, ECF Nos. 12 & 14.) Further, the Presentence Report established that Defendant had been convicted of four felony offenses, including assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(4) in October 2014.[2] (ECF No. 150, at 13-14.) As noted by the Supreme Court, "knowledge can be inferred from circumstantial evidence," *Rehaif*, 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)), and the relatively-short period of time between Defendant's predicate felony convictions and his possession of the relevant firearm is strong evidence that he knew of these convictions at the time of possession. *See, e.g., Benamor*, 937 F.3d at 1189 (prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition, for which the defendant was imprisoned for

---

[2] *See* Cal. Penal Code § 245(a)(4) ("Any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.").

1 approximately five and a half years, "proved beyond a reasonable doubt that
2 Defendant had the knowledge required by *Rehaif* and that any error in not
3 instructing the jury to make such a finding did not affect Defendant's substantial
4 rights or the fairness, integrity, or public reputation of the trial"), *cert. denied*, 140
5 S. Ct. 818 (2020); *United States v. Martinez*, 2020 WL 1910721, at *3 (9th Cir.
6 2020) (inferring knowledge of felon status where predicate felony conviction
7 occurred less than five years prior to possession of firearm); *United States v.*
8 *Marcum*, 797 F. App'x 278, 282–83 (9th Cir. 2019) ("no reasonable doubt that [the
9 defendant] knew he was a felon at the time" of possession where he was
10 concurrently "subject to the conditions of his supervised release from past felony
11 convictions, including a conviction for being a felon in possession of a firearm");
12 *United States v. Hessiani*, 786 F. App'x 658, 661 (9th Cir. 2019) (no entitlement to
13 relief under *Rehaif* where record established the defendant was previously
14 sentenced "to three years' imprisonment for the felony offense of willful infliction of
15 corporal injury"), *cert. denied*, 2020 WL 2515759 (U.S. May 18, 2020).  Although
16 his 2014 assault with a deadly weapon conviction did not result in an imprisonment
17 sentence greater than a year and there is a larger gap between Defendant's 2006
18 importation of marijuana conviction and his 2017 Section 922(g)(1) conviction than
19 the cases cited above, the combination of Defendant's four felony convictions in
20 less than fifteen years supports a strong inference that he knew he had been
21 convicted of a crime punishable by imprisonment for a term exceeding one year at
22 the time he possessed the relevant firearm.  If it highly unlikely that defense
23 counsel would have advised Defendant to take a substantial risk and go to trial
24 especially in light of the favorable plea agreement offered where the Government
25 agreed to recommend the third point under United States Sentencing Guideline §
26 3E1.1(b) and move for a two level downward departure for waiver of appeal and
27 early resolution.  (*See* ECF No. 114, at 7.)  Thus, the Defendant by pleading guilty
28

1  was reducing his Guideline range from 77 to 96 months (22/V[3]) down to 57 to 71
2  months (19/V). This assumes Defendant would have carried his burden of showing
3  he accepted responsibility even though he went to trial.  Thus, Defendant's
4  assertion that he would have gone to trial is plainly not credible or supported by
5  any objective evidence.
6      Further, because Defendant has failed to identify any evidence refuting this
7  strong inference of knowledge of felon status and has not otherwise demonstrated
8  that he was not aware of the "true nature" of his crime of conviction, the Supreme
9  Court's decision in *Henderson v. Morgan*, 426 U.S. 637 (1976) is distinguishable.
10 *See Henderson*, 426 U.S. at 636 ("There is nothing in this record that can serve as
11 a substitute for either a finding after trial, or a voluntary admission, that respondent
12 had the requisite intent."); *id.* at 647 n.18 ("There is no need in this case to decide
13 whether notice of the true nature, or substance, of a charge always requires a
14 description of every element of the offense; we assume it does not.  Nevertheless,
15 intent is such a critical element of the offense of second-degree murder that notice
16 of that element is required.").  Indeed, while Defendant argues that a person
17 previously convicted of a felony "may have assumed he was no longer in a
18 prohibited group" because "some states restore a felon's gun rights after various
19 periods of clean conduct[,]" (ECF No. 324, at 10), he fails to provide or otherwise
20 identify any evidence that even hints at the possibility he was operating under such
21 an assumption at the time he possessed the relevant firearm.  Rather, his lengthy
22 criminal record, including the aforementioned 2006 and 2014 convictions as well
23 as other convictions recounted in his presentence investigation report in this
24 matter, belies any such assumption.  (*See* ECF No. 150, at 12-14).
25     Based upon the foregoing, Defendant's § 2255 motion (ECF No. 324) is

---

[3] The Court departed at sentencing from Criminal History Category VI to V.

**DENIED**.[4]  Nevertheless, because "jurists of reason could disagree with the district court's resolution of [Defendant's] constitutional claims or could conclude the issues presented are adequate to deserve encouragement to proceed further," *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 765, 197 L. Ed. 2d 1 (2017) (internal quotations, citations, and alterations omitted), the Court **ISSUES** a Certificate of Appealability to Defendant as to all arguments raised in his instant § 2255 motion. *See, e.g.*, *Nair v. United States,* 2020 WL 1515627, at *3-6 (W.D. Wash. Mar. 30, 2020) (granting 28 U.S.C. § 2255 motion based on *Rehaif* where the defendant plead guilty to violation of § 922(g)(1) in 2016 based upon conclusion that error was not harmless in light of Supreme Court's ruling in *Henderson*).

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[4] Because "the record refutes [Defendant's] factual allegations or otherwise precludes habeas relief, [the Court] is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007) (district court did not err in denying evidentiary hearing where, "even with the benefit of an evidentiary hearing, [the defendant] could not develop a factual record that would entitle him to habeas relief."); 28 U.S.C. § 2255(b); *see also Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) ("A petitioner is not entitled to a hearing where he presents no more than conclusory allegations, unsupported by facts and refuted by the record."). Notably, neither Defendant nor the Government requested an evidentiary hearing in this matter. (*See* ECF No. 324; ECF No. 328, at 2 ("[T]he United States requests that the Court decline to hold an evidentiary hearing.").)